IN THE

# SUPREME COURT OF TENNESSEE,

FOR THE

# MIDDLE DIVISION.

NASHVILLE,......................DECEMBER TERM, 1871.

## E. W. EASLEY *v.* REUBEN ·MCLAREN.

LEVY ON LAND. *Description of Property. Sufficiency of. Rule.laid down by the Court.* Property must be so described in a levy that the land can be identified and ascertained by the ordinary mode of identification; that is, by giving the county, the civil district in which it lies, such natural objects, if there be any, as will serve to guide a party to the locality, and the necessary metes and bounds to include the land, or such other description of boundaries, as by reference to other adjoining tracts, will distinguish the tract sold from any other tract of land owned by the same party in the vicinity, and for this purpose the name of the owner should be given. The levy in question is in these words: Levied this *fi fa* this 18th day of February, 1862, on a certain tract of land lying on Beaver-dam Creek, in the 11th District of Hickman County, as the property of W. W. Fowlkes, bounded as follows, to-wit: On the East by Robt. Stewart; on the South by Jobe Mayberry; on the West by J. F. Atkinson; on the North by O. A. Nixon. The proof developed the fact that a small tract of land, owned by Jno.

1

Fowlkes, was lying between the land levied on and that owned
by Atkinson. It was error for the Circuit Judge to refuse to
charge the jury " That if they believed, from the proof, that
the Fowlkes land was bounded on the East by Robert Stewart's
land, and on the South by Jobe Mayberry's land; on the North
by Nixon's land, and these lines being ascertained, that would
establish three sides of the Fowlkes land, and that would be
reasonable certainty in contemplation of law."

Cases cited: Lafferty *v.* Coon, 3 Sneed, with authorities there
cited.

### FROM HICKMAN.

Appeal from the judgment of the Circuit Court, J. F.
McKinney, Judge.

T. B. Bateman and D. Campbell for plaintiff.

N. N. Cox for defendant.

Freeman, Judge, delivered the opinion of the
Court.

The only question really presented in this case, is
as to the sufficiency of the following levy, and the
charge of his Honor, the Circuit Judge, on this ques-
tion. The levy is in these words: " Levied, this *fi fa,*
this, the 18th day of February, 1862, on a certain
tract of land lying on Beever-dam Creek, in the 11th
District, in Hickman County, as the property of W.
W. Fowlkes, bounded as follows, to-wit: On the East
by Robert Stewart, on the South by Jobe Mayberry,
on the West by J. F. Atkinson, on the North by O.
A. Nixon.

The proof shows the description to be substantially
correct, except as to the western boundary, a small

E. W. Easley *v.* Reuben McLaren.

tract owned by John Fowlkes, lying between the tract levied on and Atkinson's land.

The general rule laid down by our decisions, which has been somewhat loosely applied, however, is, that a levy to be valid, must be sufficiently descriptive of the land or property to be sold, to enable the purchaser to ascertain the nature and value of the thing he is buying, otherwise no estimate of the value could be made. "There must be also such ascertainment, by description, of the identity of the land, as shall prevent one piece of land from being sold, and a distinct piece conveyed." *Lafferty* v. *Coon,* 3 Sneed, with authorities there cited. This first general principle above stated, has been repeatedly announced, but serves but little, practically, to guide courts and juries to a conclusion in such cases. The branch of the rule that the land shall be so described in the. levy, as to enable the purchaser to ascertain the nature and value of the property sold, to say the least of it, leaves the mind in as much uncertainty as to the requisite of a good levy as before the proposition is announced. How a purchaser can ascertain the nature and value of a tract of land from a description. in a levy, we are at some loss to know. We take it, the true principle is, that it shall be so described in the levy, as that the land can be identified, and ascertained by the ordinary mode of identifying lands, that is, by giving the county, the civil district in which it lies, such natural objects, if there be any, as will serve to guide a party to the locality, and such metes and bounds as

shall include the land, or such other description of boundaries as by reference to other adjoining tracts, as will distinguish the tract sold from any other tract of land owned by the same party in that vicinity, and for this purpose the name of the owner should be given. We do not pretend to say that this is a complete enumeration of all the requisites of a good description in a levy, or that all of them must necessarily be found in the levy, but that it is substantially what should be required. His Honor's charge is substantially in accordance with the first proposition quoted from the case in 3 Sneed, though there are inaccuracies in it, but not in material points, to this case, such as that if any reference is made to other documents, it must be to record or permanent evidence, etc. But he was asked by plaintiff's attorney to charge the jury "that if they believed, from the proof, that the Fowlkes land was bounded on the East by Robert Stewart's land, and on the South by Jobe Mayberry's land, on the North by Nixon's land, and their lines being ascertained, that would establish three sides of the Fowlkes land, that that would be reasonable certainty in contemplation of law." This charge his Honor refused to give. This was, in effect, deciding the case, and necessarily led the jury to conclude that the levy was not good, in the judgment of the Court, as it contained the precise point presented by the proof. In this his Honor erred. He certainly ought to have given the charge as requested. The levy was a good one, describing as shown by the proof, the only tract of land owned by the party—

Fowlkes—with the boundaries stated in the levy, and with this description of the land, it could be identified and ascertained, with sufficient certainty to enable the purchaser to learn what land he purchased, or was about to purchase, and its value. Several other questions are referred to in the brief of counsel, but we do not, however, think there is anything in them necessary to be noticed.

The case will be reversed and remanded for a new trial.