GRACE v. JOHNSON et al.—157 S. W. (2d), 848.

Middle Section.   October 11, 1941.

Petition for Certiorari denied by Supreme Court, January 17, 1942.

E. A. Langford and A. B. McKay, both of Cookeville, for appellant Mrs. Glover.

W. L. Swallows and J. D. Holladay, both of Cookeville, for appellee Lawrence Grace.

CROWNOVER, P. J. This is a suit to sell a decedent's lands to pay his debts.

John Watts died intestate in DeKalb County on June 20, 1934. He was survived by his widow, who has since died, and six adult children. His personal estate consisted of household goods of little value and a mule that his widow sold for $25. He owned a farm of about 96 acres of the value of about $1,000, on which was a mortgage of $300. He was indebted to Lawrence Grace on four notes in the principal sum of $1,186.13. His ·son T. J. Watts, paid his funeral expenses of $100 and the first mortgage of $300.

The original bill in this cause was filed by Lawrence Grace, creditor, on November 15, 1937. It was alleged in the bill that John Watts had died two or three years before the filing of the bill and that his widow died some time after his death; that he owned no personalty of any value but owned a farm of the value of about $1,500; that there had been no administration of said estate and no person could be procured to administer on his estate; that he was indebted to Grace in the sum of about $1,186.13; and that he was probably indebted to others. The complainant prayed for service of process; that an administrator be appointed by the court; for administration of said estate; for publication for other creditors to file their claims; and for sale of the lands and payment of all claims.

The Chancellor appointed the Clerk and Master, Bethel W. Foster, administrator, but it appears that he did not take an oath as administrator and did not administer upon the estate.

All the defendants, except the administrator, demurred to the bill on the grounds that it was not alleged in the bill that the personal estate was insufficient to pay the debts or that the personal estate had been exhausted in the payment of debts.

They (except the administrator) answered and denied that the decedent was indebted to the complainant.

A receiver was appointed to rent out the farm and collect the rents. He now has about $108.50 rents collected from tenants who cultivated the farm.

The cause was heard, by written agreement, on oral evidence.

The Chancellor sustained the bill as a general creditors' bill, found that there were no personal assets of said estate, and that a sale of the land was necessary to pay the claims against the estate. He found that T. J. Watts had a claim for $100 for burial expenses for John Watts and for $300 by reason of the fact that he had paid a mortgage of $300 against the lands, and he rendered a decree in Watts' favor for $400, plus interest from February 1, 1938, $31, making a total of $431, and declared the same to be a preferred claim. He rendered decree in favor of Lawrence Grace on four notes, with interest, amounting to $1,692.48.

Mrs. Ova Glover, one of the defendants, excepted to said decree and appealed to this court and assigned errors. One of the errors assigned

was that there was no administrator as the man who was appointed had not accepted the appointment or qualified.

This court, through Judge Felts, reversed the Chancellor and remanded the cause to the Chancery Court that an administrator be appointed and qualify as such. He also found that the statement in the original bill as to the personal estate was too indefinite to justify a sale of lands to pay the debts of the decedent.

Upon remand, the complainant filed his amended bill, alleging that the personal estate was insufficient to pay the debts of said estate, and asked for the appointment of an administrator.

The Chancellor appointed the Clerk and Master, Bethel W. Foster, administrator of said estate, and he took the oath as such administrator.

The defendant Mrs. Glover demurred to the amended bill, which demurrer was overruled. She filed her answer denying that the complainant was the owner of the notes and specially pleaded the statute of limitations of six years.

The administrator filed an answer and an inventory showing that the personalty belonging to the estate consisted of household goods of the value of about $15, the title of which was in dispute.

The widow sold the mule for $25 and took possession of the other personalty belonging to the estate.

The Chancellor ordered a reference to the Clerk and Master to take proof and report the amount of the personal assets of the estate, the bona fide debts, whether the personal estate had been exhausted in payment of debts, what real estate the decedent died possessed of, and whether it was necessary to sell the same to pay the debts.

The Master took proof and reported, upon the proof taken and the facts disclosed by the record, that the decedent died possessed of personalty of practically no value, which was consumed by the widow, and no personal estate came into the hands of the administrator; that the decedent was possessed of about 96 acres of land of the value of about $1,000; that four notes, held and owned by Lawrence Grace, which he had purchased from the Baxter Bank & Trust Company, of which the decedent John Watts was one of the makers, had been filed against said estate, and that no testimony had been introduced attacking the notes, which were held to be bona fide claims against the estate. He further reported that T. J. Watts had filed a claim of $598.50; that he had disallowed $198.50 of the claim which was for funeral expenses of Mrs. John Watts, and allowed the balance of his claim, about $400, which the parties had stipulated was a just claim, and which was a preferred claim.

The Chancellor confirmed the report and rendered a decree in favor of T. J. Watts for $479.67, declaring the same a preferred claim and a lien upon the land; and in favor of Lawrence Grace in the sum of $1,895.58, and declared the same a lien upon the land, to be satisfied after the payment of court costs, attorneys' fees and the decree in favor of Watts. He ordered that the lands be sold to satisfy the decree.

Only the defendant Mrs. Glover excepted to said decree and appealed to this court and has assigned errors, which are, in substance, as follows:

(1) The Chancellor erred in overruling the defendant's demurrer to the bill on the grounds:

(a) The bill does not allege that "no person would apply or could be procured to administer on the estate."

(b) The bill does not show "the exhaustion of the personalty or its insufficiency to pay the debts," and that it was necessary to sell the real estate.

(2) The Chancellor erred in holding that the complainant Grace was the legal holder of said notes.

(3) The Chancellor erred in failing to hold that the statute of limitations of six years had run against the notes.

(4) No pro confesso was taken against the other defendants.

1. The appellant Mrs. Glover's first assignment of error is that the bill should not be sustained, and her demurrer should have been sustained, because the allegations of the bill asking for the appointment of an administrator by the chancery court and for the sale of the lands do not conform to the statutes in each instance.

(a) She contends that the statute provides that the Chancery Court may appoint an administrator only when "no person will apply or can be procured to administer on his estate" (Code, secs. 8155, 8156); that the original bill states: "No one has ever applied for letters of administration, and complainant has on this week made an effort to get four or five different people to qualify as administrator, but was unsuccessful," which she insists is not a compliance with the statute.

We think this statement was sufficient to authorize the Chancery Court to appoint an administrator.

(b) The original bill alleged: "The said John Watts, or his widow, left some personal property, the amount and kind thereof your complainant is not advised, but probably a few head of hogs, one or two cows, and probably some chickens, household goods, etc." The amended bill alleged: "The personalty set out in the original bill, consisting of probably a few head of hogs, one or two cows, and probably some chickens, household goods, etc., were, and/or are of practically no value and are wholly insufficient to pay the debts of the deceased and especially those here shown, and that said just debts can only be satisfied by a sale of the real estate herein mentioned or a part of it."

We think the bill as amended shows that the personal assets are insufficient to pay the debts and a sale of the lands is necessary to pay the same. Code, secs. 8213, 8214.

The first assignment of error is therefore overruled.

2. We are of the opinion that the Chancellor was correct in holding that Grace was the owner and holder of the said notes and

that they were claims against the estate of John Watts. There is evidence in the record, not controverted, that these notes were executed to the Baxter Bank & Trust Company, which became insolvent, and its Receiver and Liquidating Agent sold to the highest bidder a long list of notes, judgments and overdrafts amounting to almost ten thousand dollars, which included these four notes against John Watts and others, when complainant Grace became the purchaser for $450 cash and he was given a written transfer, which transfer was not attacked except by the answer of Mrs. Glover, who denied that Grace was the owner of the said notes, and she pleaded the statute of limitations. Hence we are of the opinion that Grace is the legal owner of said notes.

3. The bill in this cause was filed within six years after the notes matured, hence there is nothing in the defense of the statute of limitations. Code, secs. 8592 and 8600.

4. A decree is valid without a pro confesso. Sewell v. Tuthill & Pattison, 112 Tenn., 271, 79 S. W., 376.

It results that all the assignments of errors must be overruled, and the decree of the Chancellor is in all things affirmed; and decrees will be entered in this court in favor of T. J. Watts against said estate for $479.67 and in favor of Lawrence Grace for $1,895.58, together with interest from May 19, 1941, to the present, in favor of each complainant; but T. J. Watts' decree will be a preferred claim as decreed by the Chancellor. The land will be sold as decreed by the Chancellor. The cause is remanded to the Chancery Court of De-Kalb County for a sale of the land and for all necessary orders for the administration of the estate in accordance with this opinion. The costs of the appeal are decreed against Mrs. Glover, but the costs that accrued in the lower court will be paid out of said estate.

Felts and Howell, JJ., concur.