MRS. R. W. SCOTT et al., Complainants, Appellees, v. BEN GOSS et al., Defendants, Appellants.—311 S. W. (2d) 326.

Eastern Section. July 9, 1957.

Petition for Certiorari denied by Supreme Court December 6, 1957.

660

Dugger & Dugger, Elizabethton, and E. E. Garland, Mountain City, for appellants.

Thomas R. Grayson, Jr., Mountain City, and Tucker & Erwin, Erwin, for appellees.

McAMIS, P. J. This case involves the right of defendants Ben and Bruce Goss and their assignee or lessee, Colitz Mining Company, to prospect for, and mine manganese on complainants' properties under a reservation of mineral rights contained in certain deeds executed by Celia Wright in 1893.

Complainants or some of them, by subsequent conveyances, own the surface rights to portions of the Celia Wright lands. Defendants claim mining rights under a deed from Johnson County dated March 11, 1954, to Ben and Bruce Goss purporting to convey the Celia Wright mineral rights acquired by the County in a tax suit. The bill was filed to enjoin defendants from prospecting or conducting mining operations on complainants' properties and for a declaratory judgment. The theory of the bill is that the deed to defendants, Ben and Bruce Goss, is void for failure to comply with T. C. A. sec. 67-2035 governing the sale by counties of lands bought in for delinquent taxes and that if the deed is not void defendants should be limited to shaft or underground mining and could not conduct strip mining operations

which, it is claimed, would or might result in the practical destruction of the surface rights. The Chancellor sustained the bill on the several grounds alleged and defendants have appealed.

If complainants have the right to maintain the bill and to challenge the validity of the deed from Johnson County and if the Chancellor was correct in holding the deed void, it would become unnecessary to decide whether defendants should be limited to shaft or underground mining or whether the description in defendants' deed is sufficient. We, therefore, consider first and in the order stated the questions of complainants' right to maintain the bill and the validity of the deed.

■ The first assignment is that the Chancellor erred in permitting the suit to proceed in violation of T. C. A. sec. 67-2024 providing that no suit shall be commenced to invalidate any tax title without paying or tendering the amount bid and all taxes subsequently accruing. This question was not made in the Chancery Court but, in any event, the statute is inapplicable for the reason that complainants under the bill are not claiming the mineral rights covered by the tax title. The validity of the tax title is involved only to the extent of determining whether defendants are trespassers or have the legal right to enter upon complainants' lands for the purpose of prospecting and conducting mining operations thereon.

■■ It is next insisted defendants' demurrer to the bill should have been sustained because complainants failed to deraign their title back to the State or to a common source and are seeking to maintain the bill on the weakness of the title of their adversaries. These grounds of the demurrer were properly overruled. This

is not an ejectment suit. Complainants, on showing that they are the owners in fee as alleged in the bill, can maintain a bill against trespassers on their lands. Pepper v. Gainesboro Telephone Co., 1 Tenn. App. 175; East Tennessee Natural Gas Co. v. Peltz, 38 Tenn. App. 100, 131, 270 S. W. (2d) 591.

■■ Defendants also insist that, since complainants do not claim to own the mineral rights, they have no standing to challenge the validity of the tax deed under which defendants make no claim to surface rights. We cannot agree. Complainants who are in possession of the surface claiming to own it in fee have a right to invoke the injunctive powers of a court of equity to protect their rights from damage and waste by a trespasser. It, therefore, becomes necessary to inquire under what claim of right, if any, defendants have entered upon complainants' lands. Defendants base their claim solely upon the deed from Johnson County. If it is void it confers no rights upon them and they are, in that event, trespassers. To sustain their right to injunctive relief, complainants are, therefore, entitled to show that the deed is void and defendants trespassers on their surface rights. In this view it is unnecessary to decide whether the bill can be maintained for a declaratory judgment.

The question of the validity of defendants' deed is controlled by T. C. A. sec. 67-2035 which follows T. C. A. sec. 67-2034, making it the duty of the County Judge, after the period of redemption has expired, to arrange to sell every tract of land bid in by the County for delinquent taxes as expeditiously and advantageously as possible. T. C. A. sec. 67-2035, based upon Chapter 193, Acts of 1949, provides:

"Terms and proceedings for sale by county.—A committee of four (4) members shall be elected by the quarterly county court, from the court, who, together with the county judge, shall place a fair price on each tract of land, for which price the same shall be sold. Such committee may authorize the sale of any tract of land upon such terms as will secure the highest and best sale price, but the credit extended shall not exceed three (3) years and a lien shall be retained to secure purchase price. In no event shall any tract of land be sold for an amount less than the total amount of taxes, penalty, cost and interest. Interest shall be calculated on the full amount of the taxes, penalty, cost and interest from the time of the acquisition of the land by the county until the sale thereof. Provided, that if it shall appear that it is impossible to sell any tract of land for this amount, upon application the quarterly county court in session may grant permission to offer the land for sale at some amount to be fixed by the court. Whenever the sale of a tract of land is arranged by the county judge, the deed shall not be executed and the same shall not become final until ten (10) days after the publication in a newspaper published in the county of a notice of the proposed sale, the name of the purchaser and the terms, conditions and price. The said land shall be described in said notice only by number, which shall refer to a description on file with said committee. If anyone, during said ten (10) days, shall increase the offer made for the land by ten per cent (10%) or more, the party making the first offer shall be notified and a day fixed when both parties shall appear and make offers. The tract of land shall be sold to the party making the highest and best offer. Conveyances of said land shall be made without warranties of

any sort, and deeds shall be executed by the county judge or chairman or other chief fiscal officer of the county and the county trustee, who shall collect the purchase price at the time of the execution of the deed, and prorate it as hereinabove provided.

"The deed shall be prepared by the back-tax attorney as a part of the duties for which he is compensated by the provisions of sec. 67-2008, and not additional compensation shall be allowed."

The mineral rights here in question were assessed for taxes by Johnson County to defendants Ben and Bruce Goss who allowed the taxes to become delinquent and their rights were sold in a tax suit in the Chancery Court of Johnson County. Johnson County became the purchaser by decree of sale dated May 8, 1939. The property was so held by the County until March 11, 1954, when defendants Ben and Bruce Goss paid to the County $900 in back taxes and also taxes for the intervening years. On that date the Chairman of the County Court executed the deed here in question. No committee had ever been appointed; no appraisal or advertisement was ever made and the deed was not executed by the County Trustee or the statute otherwise followed.

■■ Is the deed void for failure to follow the requirements of the statute or is it so far directory that even a substantial compliance is not required? We think there must be at least a substantial compliance with the statute and that the Chancellor correctly held the deed void.

"The method of conducting a resale of land bought by the state or other governmental body at a tax sale is

wholly within the control of the legislature. So, statutory provisions governing the resale of land sold to the state, county, or municipality must be substantially complied with, and, unless the realty is resold according to the provisions of the statute, the sale is void. * * * A purchaser at a sale by the county of land acquired by tax deed must take notice of the terms of the statute under which the land is sold by the county.'' 85 C. J. S. Taxation sec. 838, p. 191.

''When a notice by publication of a resale by a county acquiring title at a tax sale is required by statute, a grantee on the resale acquires no title unless the notice has been published. * * *'' Ib. sec. 918, p. 366.

In Little v. Dennis, 143 Tex. 582, 187 S. W. (2d) 76, there was involved a resale of land bid in by the State of Texas. A state statute provided that deeds to effectuate a resale of such property should be signed by the sheriff of the county. The court held invalid a sale by the tax collector and the attorney general and that the purchaser under a deed executed by them but not by the sheriff acquired no title to the land. A careful search reveals no authority to the contrary.

Some question is made that, in executing the deed, the County Chairman was acting pursuant to a resolution of the County Court passed in 1941. The statute passed in 1949 of necessity superseded any authority conferred by the resolution, assuming it was valid and had not expired by its own terms.

It results that the decree must be affirmed and the cause remanded for its enforcement. Costs will be adjudged to appellants and sureties.

Hale and Howard, JJ., concur.