**Cordell WALL, Plaintiff-Appellee,**

v.

**THALCO, INC., et al.,
Defendants-Appellants.**

Court of Appeals of Tennessee,
Middle Section.

Feb. 3, 1981.

Permission to Appeal Denied by Supreme Court April 27, 1981.

Abridged Opinion May 8, 1981.

In a formal appeal, this Court upheld the rights of plaintiff to said release of lien and reconveyance and concluded:

> This record contains inadequate information to enable this Court to fix damages due plaintiff *for the failure to obtain* the release of the lien. The cause will therefore be remanded for ascertainment of such damages.

On remand the Chancellor awarded damages of $96,500 against defendant, Thalmann, and she has appealed.

Appellant first insists that the Chancellor had no jurisdiction to enter judgment because there was no compliance with T.R.A.P. Rule 43(c) as follows:

> (c) Remandment.—When the appellate court remands the case for a new trial or hearing and the mandate is filed in the trial court, the case shall be reinstated therein and the subsequent proceedings conducted after at least 10 days notice to the parties.

T.C.A. §§ 21–1–810 and 21–1–811 provide as follows:

> 21–1–810. *Reinstatement of remanded cases.* In all cases remanded by the Supreme Court, or Court of Appeals, to any court for the execution of an order of reference, order of sale, or for other proceedings directed in the decree of the appellate court or in the decree of the lower courts as affirmed or modified by the appellate court, such cases shall be deemed reinstated in the lower court from the time of filing with the clerk and master or clerk thereof, a certified copy of the decree or mandate of the appellate court; and thereafter such cases may be proceeded in, in accordance with the decree of the appellate court, without any action of the lower court thereon. It shall not be necessary for the decree or mandate of the appellate court to be spread of record, in the lower court, by direction of the lower court, before the clerk and master, clerk of the court, or the parties may proceed in said case in accordance with the decree or mandate of the appellate court.

Robert Huskey, Manchester, for plaintiff-appellee.

Walter Clark, Jr., Nashville, for defendants-appellants.

## ABRIDGED OPINION

TODD, Presiding Judge.

This is a suit for breach of contract whereby plaintiff sold to defendant, Rosa Thalmann, his stock in Thalco, Inc. and defendant, Thalmann, agreed to obtain the release of a lien upon a certain ten (10) acre tract and have Thalco reconvey said tract to plaintiff. Plaintiff had conveyed the land to Thalco to enable Thalco to borrow money on it. Thalco was obligated to reconvey the land to plaintiff after satisfying the loan.

21–1–811. *Notice of appellate decree.* —On the receipt of any certified copy of decree, or mandate, of any appellate court, the clerk and master, or clerk of the lower court, shall file the same, copy it upon the rule docket or minute book if the court so direct, and notify the solicitors of record in the case, of the filing of said decree or mandate, and the clerk and master, or clerk of such lower court, shall receive the same compensation for said services as now allowed by law for similar services.

■ There is a presumption that public officials perform their statutory duty. *Williams v. American Plan Co.*, 216 Tenn. 435, 392 S.W.2d 920 (1965); *State v. Sexton*, 51 Tenn.App. 385, 368 S.W.2d 69 (1963).

■ The technical record contains the mandate of this Court resulting from the previous appeal, which mandate is marked filed by the Clerk and Master on January 3, 1980.

On April 3, 1980, the Chancellor entered his judgment which contains the following:

This CAUSE came on to be heard before the Honorable Robert S. Brandt, Chancellor of the Chancery Court of Davidson County, Part III at the Courthouse in Nashville, Tennessee, on the twenty-fifth day of March, 1980, pursuant to the Order of the Court of Appeals of the State of Tennessee, which Order remanded this case to the Chancery Court for the purpose of determining and awarding damages to the Plaintiff due to the breach by the Defendant, Rosa Thalmann, of her obligation under the August 12, 1977 Contract with the Plaintiff to within six (6) months from the date of that Contract obtained the release of a ten (10) acre tract of land and convey same back to the Plaintiff. Upon the presentation of opening statements by the respective attorneys, presentation of proof by the Plaintiff, cross-examination by the defense, closing arguments by the respective attorneys, and upon the entire record of this cause, the Court having considered the foregoing, the following pronouncements and findings of the Court were made:

Although not shown in the record, it was stated without contradiction by counsel at the bar of this Court that the cause was set for hearing before the Chancellor on March 25, 1980, by agreement of the parties.

There is no evidence in the record that the appellant at any time suggested to the Chancellor that there had not been a compliance with Rule 43(c) T.R.A.P. and/or §§ 21–1–810, 811, T.C.A.

There was a satisfactory compliance with said rule and statutes; or, if notice were omitted, such omission was waived by proceeding to trial without objection.

■ Appellant next insists that the Chancellor should have ordered specific performance instead of awarding damages.

The order of this Court remanding the case to the Chancellor, quoted above, referred only to "ascertainment of such damages." However, in deciding the case on remand, the Chancellor considered the possibility of specific performance in lieu of damages and rejected it as inequitable and not adequate as a remedy. The reason for this view of the Chancellor was the inordinate delay since the contract was breached in February, 1978, and the substantial change in the value of the property since the breach.

Furthermore, the status of the title to the property militates against any consideration of specific performance. Because of defendant's failure to clear the mortgage lien and reconvey the property, the mortgage was foreclosed and sold at public auction on May 10, 1979. The buyer was one Ronald Cumbee, son-in-law of defendant. Cumbee came to the sale at the request of defendant who supplied Cumbee with the money to buy the property in his name. It would hardly be in order to require defendant to clear the title of a lien which had been discharged by foreclosure or to reconvey the property when it was no longer titled in the name of her corporation.

■ The most persuasive reason why defendant cannot complain of the award of

damages instead of specific performance is that the remedy of specific performance exists for the benefit of the aggrieved party to a breach of contract and not to the party guilty of the breach. Defendant cites a number of authorities holding that specific performance is an appropriate remedy under particular circumstances, but no authority is cited or found in research which allows the guilty defaulter to avoid damages by specific performance.

Specific performance is a discretionary remedy which is not a matter of right even at the behest of the aggrieved party. It is certainly not a matter of right at the behest of the guilty defaulter.

Even though there might be circumstances in which it would be just to allow belated specific performance in mitigation of damages, this would not be an appropriate situation for such action.

If defendant had desired to mitigate the damages to be assessed against her, she should have tendered belated performance without prejudice to the assessment of consequential damages.

Defendant's third, and final, insistence is that the award of damages is excessive because the preponderance of the evidence shows that the value of the property is $6,000 and not $96,500 as found by the Chancellor.

Defendant offered no evidence of value.

The plaintiff, as previous owner of the land, testified that it was worth between $97,000 and $100,000. Even though he had temporarily loaned the title to defendant's corporation, he remained the equitable owner because he was contractually entitled to reconveyance. His testimony was competent. *Haynes v. Cumberland Builders*, Tenn.App. 1976, 546 S.W.2d 228.

Plaintiff also testified that he had witnessed actual test drillings on the property and observed the coal brought to the surface by the drilling.

Paul Potter, a miner, testified that he was familiar with the land, that he had drilled it and found it to be rich in coal deposits. Potter also testified that he had delivered the product of his test drilling to Tare, Inc., for evaluation.

T. C. Miller, president of Tare, Inc., testified that his company evaluated the tests as indicating the presence of 36,200 tons of coal on the property for which the property owner might reasonably expect a royalty of $2.50 per ton or $90,500.

The value of the land independent of the coal reserves is shown to be $700 to $1,000 per acre.

Athal Lee Hale, an experienced broker in coal land testified that the value of the land was $96,500 to $100,500.

The values just stated were established as of February 12, 1978, the date on which defendant was contractually obligated to restore the title to the land to plaintiff free of mortgage lien.

The evidence does show that, since February 12, 1978, the previous value of the coal reserves has deteriorated due to economic and mining conditions. However, there is no evidence that the value established on February 12, 1978, was then subject to any diminution for the possibility of future adverse business trends which are not shown to have been reasonably anticipated on February 18, 1978.

The evidence above cited was competent and of sufficient weight to support the finding of the Chancellor. The preponderance of the evidence supports the amount of damages awarded.

The decree of the Chancellor is affirmed. Costs of this appeal are taxed against defendant-appellant. The cause is remanded to the Chancellor for enforcement of the judgment and costs and for such other further proceedings as may be necessary and proper.

Affirmed and remanded.

CANTRELL and CONNER, JJ., concur.