**Danny Boy TURNER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–84–188 CR.**

Court of Appeals of Texas, Beaumont.

June 26, 1985.

G. Patrick Black, Beaumont, for appellant.

John R. DeWitt, Asst. Criminal Dist. Atty., Beaumont, for appellee.

OPINION

BURGESS, Justice.

This is an insanity issue case. Appellant was convicted of Theft. After finding two prior convictions, the jury assessed punishment at fifty years in the Texas Department of Corrections. Appellant appeals on a single ground of error:

> "The jury's verdict was against the overwhelming weight and preponderance of the evidence, because the evidence showed that the appellant was insane on the date of the alleged offense."

■ The burden of proof to prove the insanity defense was on the appellant and by a preponderance of the evidence. *Graham v. State,* 566 S.W.2d 941 (Tex.Crim. App.1978). Appellant called three lay witnesses on this issue. The first witness stated she had known appellant for approximately 27 years. All through that period appellant had exhibited unusual behavior, had drastic mood changes and some days appellant did not know his name. She further testified, in her opinion, appellant "is not able to understand what's right and what's wrong." The next witness had known appellant for three years and testified: "I think he has a little trouble distinguishing between right and wrong." The final witness, appellant's girlfriend, testified she had known appellant for about six months prior to the trial. During that time she had seen him exhibit unusual behavior. She further testified she saw him the day of the offense "foaming at the mouth" and in her opinion, appellant had difficulty distinguishing right from wrong.

■ The state, in rebuttal, called two witnesses. The first was a county jailer.

He testified appellant had been a trustee in the jail, had not been a problem, seemed to understand the rules and carried out his duties. The state's other witness was a psychiatrist who had examined appellant pursuant to a court order. The doctor testified, in his opinion, the appellant was "legally sane" at the time of the offense. The jury is the exclusive judge of the facts, the credibility of the witnesses and the weight to be given their testimony. *Miller v. State*, 566 S.W.2d 614 (Tex.Crim.App.1978). They may accept or reject any or all of the testimony of any witness. *Thomas v. State*, 605 S.W.2d 290 (Tex.Crim.App.1980).

In light of the conflicting testimony, we are unwilling to say the jury's verdict was against the great weight and preponderance of the evidence. *See* and *compare Schuessler v. State*, 647 S.W.2d 742 (Tex. App.—El Paso 1983, pet. granted). The ground of error is overruled and the judgment of the trial court affirmed.

AFFIRMED.