IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
AUGUST 8, 2002 Session

## THOMAS CORNELIUS MONROE v. CATHERINE ROBINSON (MONROE)

**Direct Appeal from the Circuit Court for Davidson County**
**No. 98D-485; The Honorable Muriel Robinson, Judge**

**No. M2001-02218-COA-R3-CV - Filed January 16, 2003**

This appeal arises from the granting of a petition to object to removal of a minor child. The trial court granted the father's petition and prevented the mother from relocating out of state with the minor child, finding that the parties spent substantially equal time with the child and that the move was not in the child's best interest. The parties raise multiple issues on appeal. For the following reasons, we affirm.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and DAVID R. FARMER, J., joined.

Matthew Mayo, Nashville, TN, for Appellant

Abby R. Rubenfeld, Rose T. Palermo, Nashville, TN, for Appellees

**OPINION**

### Facts and Procedural History

Thomas Monroe ("Mr. Monroe") and Catherine Robinson ("Ms. Robinson") were granted a divorce on the grounds of irreconcilable differences on July 26, 1996. The final divorce decree incorporated a Marital Dissolution Agreement ("MDA") which provided that Mr. Monroe and Ms. Robinson would share joint custody of their minor daughter. The parties also included a clause in the MDA stating that "the parties agree that they will continue to maintain their residence in Davidson County, Tennessee, or an adjoining county, at least until the minor child reaches Eighteen (18) and graduates from high school, whichever occurs last."

Thereafter, on May 19, 1999, Ms. Robinson sent Mr. Monroe written notice, pursuant to Tennessee Code Annotated section 36-6-108(a), of her intent to relocate to North Carolina with the minor child. Mr. Monroe filed his Petition to Object to Removal of Child on June 16, 2000. In response, the trial court issued a temporary restraining order on June 19, 2000, preventing Ms. Robinson "from removing the minor child . . . from the state of Tennessee or jurisdiction of this Court, pending the final hearing in this cause." On July 31, 2000, Ms. Robinson filed her answer and a counter-petition for contempt, alleging that Mr. Monroe was not in compliance with several provisions of the MDA. Mr. Monroe filed an answer to the Counter Petition for Contempt of Court on January 12, 2001. Thereafter, on February 6, 2001, Mr. Monroe filed a Motion for, and Memorandum of Law in Support of, Judgment on the Pleadings. Ms. Robinson responded on February 21, 2001 and Mr. Monroe filed a reply to Ms. Robinson's response on March 8, 2001. After a hearing, the trial court denied Mr. Monroe's motion for judgment on the pleadings by order entered March 29, 2001.

Subsequently, both Mr. Monroe and Ms. Robinson submitted proposed parenting plans and attended mediation to try to resolve their disputes. After an unsuccessful attempt at mediation, the trial court conducted a hearing on April 9, 2001, to consider Mr. Monroe's petition to object and Ms. Robinson's counter-petition for contempt.

By order entered May 22, 2001, the trial court dismissed Ms. Robinson's petition for contempt, granted Mr. Monroe's petition, and prohibited Ms. Robinson from relocating to North Carolina with the child. In making its determination, the trial court found that the both of the parties are "fit and proper persons to have custody of their minor child" and that "both of the parties are spending a substantially equal amount of time with their child." The trial court recognized that the parties' respective time spent with the child was not exactly equal, but that exact equality is virtually impossible. The court also found that Ms. Robinson's proposed move had "no useful purpose, especially in view of the provision agreed to by both parties and incorporated into the Final Decree of Divorce at the request of both parties that the child remain in the Davidson County area until she reaches the age of eighteen years." The trial court further found that "the request to move would not be in the best interest and welfare of the minor child, and that the best interest and welfare of the minor child dictates that the child remain in Davidson County, Tennessee," that "there is no significant change of circumstances of the child or the parties," and that Ms. Robinson's request to move is unreasonable and not justified in that the move would not be beneficial to the child." The May 22, 2001 order also provided that, upon a motion filed by Mr. Monroe, the court would set reasonable attorney fees for his expenses.

Thereafter, on April 30, 2001, Mr. Monroe filed a motion for attorney fees and costs. Ms. Robinson filed a response to the motion for attorney fees on May 11, 2001. By order entered June 11, 2001, the trial court awarded $6,000 in attorney fees to Mr. Monroe. On July 9, 2001, Ms. Robinson filed a Motion to Alter or Amend both the May 22 and the June 11 orders. The trial court denied this motion by order entered August 24, 2001. Ms. Robinson timely filed her notice of appeal on September 6, 2001.

## Issues

The parties raise the following issues, as we perceive them, for our review:

1.	Whether the trial court erred in finding that the parties were spending a substantially equal amount of time with the minor child.

2.	Whether the trial court erred in determining that the mother did not have a reasonable purpose for relocating to North Carolina with the minor child.

3.	Whether the trial court erred in finding that the move was not in the child's best interest.

4.	Whether the trial court erred in awarding attorney fees to the father.

## Standard of Review

Appellate review of a non-jury case is *de novo* upon the record. Woolman v. Woolman, 2001 Tenn. App. LEXIS 930, at *4 (Tenn. Ct. App. Dec. 28, 2001) (citing Wright v. City of Knoxville, 898 S.W.2d 177, 181 (Tenn. 1995)). There is a presumption of correctness as to the trial court's factual findings, unless the preponderance of the evidence is otherwise. Id.; see also Tenn. R. App. P. 13(d). For issues of law, the standard of review is *de novo*, with no presumption of correctness. Woolman, 2001 Tenn. App. LEXIS, at *4 (citing Ridings v. Ralph M. Parsons Co., 914 S.W.2d 79, 80 (Tenn. 1996)).

## Law and Analysis

Tennessee law on the issue of parental relocation is governed by section 36-6-108 of the Tennessee Code. Section 36-6-108 delineates between parents who spend substantially equal amounts of time with their children and those who do not. See Tenn. Code Ann. § 36-6-108 (2002). Section (c) governs parental relocation where the parents are spending substantially equal amounts of time with the child. See id. Section (d) governs parental relocation where the relocating parent is spending the greater amount of time with the child. See id.

After a review of the record, it is somewhat difficult to discern which section of 36-6-108 the trial court applied. The court found that "both parties are spending a substantially equal amount of time with their child" and that the proposed relocation was not in the best interest of the minor child. These findings would seem to indicate that the court made its decision based on section (c). However, the trial court went on to find that Ms. Robinson's request to move had no useful purpose and that the request was unreasonable. This finding would seem to indicate that the trial court applied section (d). Irrespective of this apparent ambiguity in the trial court's ruling, we find that once the trial court determined that the parties were spending substantially equal intervals of time

with their minor child, the section to be applied was section (c). Thus, we will address the parties' issues within this framework.

The first issue for our review relates to Ms. Robinson's contention that the trial court erred in making the critical threshold determination of which section of the statute to apply. Specifically, she claims that the trial court erred in finding that the parties spent substantially equal periods of time with their child.

According to the parties' MDA, which was incorporated into the final divorce decree, Mr. Monroe and Ms. Robinson have shared joint custody of the child. The MDA specifically provided that Ms. Robinson would have possession of the child

> during the year from Monday morning at 8:00 a.m. for nine (9) consecutive days until Wednesday at 8:00 a.m., when the minor child will be taken to day care or school and then picked up for [Mr. Monroe] to have possession of the minor child from Wednesday until the following Monday morning when the minor child shall be returned to daycare or school but no later than 12:00 p.m. During the nine (9) day consecutive day possession of [Ms. Robinson], [Mr. Monroe] will have possession of the minor child on Wednesdays from after school or after school care until Thursday morning when the minor child shall be returned to daycare or school.

The MDA also provided that Mr. Monroe would have two (2) weeks in the summer months with the child, with Ms. Robinson having three (3) weeks. The holidays were split equally between both parents. Based upon the schedule contained in the MDA, Mr. Monroe had possession of the child for approximately 43 % of the time, while Ms. Robinson had possession approximately 57% of the time.

Since the enactment of section 36-6-108, there have been two appellate cases that have addressed the meaning of the phrase "substantially equal intervals of time." The first case is Connell v. Connell, 2000 Tenn. App. LEXIS 28 (Tenn. Ct. App. Jan. 28, 2000). In this case, the parties were granted a divorce and custody of the parties' children was given to the mother, with the father having visitation. Id. at *2. Two years after their divorce, the mother was offered a job opportunity in California. Id. at *3. Despite the father's opposition to the proposed move, the trial court granted the mother's request and allowed her to relocate with the children. Id. at *4-5. The father appealed the judgment, alleging that the trial court erred in finding that the "time spent by the parties with the children was not substantially equal." Id. at *9. Noting that the divorce decree awarded the father visitation that was "slightly less than 40% of the children's time," this Court upheld the trial court's finding that the parties were not spending substantially equal amounts of time with the children. Id. at *12.

The second case to explore the meaning of substantially equal intervals of time is Woolman v. Woolman, 2001 Tenn. App. LEXIS 930 (Tenn. Ct. App. Dec. 28, 2001). In this case, this Court upheld the trial court's finding that the parties were spending substantially equal amounts of time

with their child.  The parties' divorce decree provided that the parties would share "joint and legal physical custody of their three minor children."  Id. at *2.  Specifically, the decree provided that the children would spend one week per month during the school year with their mother and three weeks per month during the summer months.  Id. at *2.  This amounted to approximately eighteen (18) weeks or 35% of the time with the mother and approximately thirty-four (34) weeks or 65% of the time with the father.  The decree also provided that neither party would change the residence of the children outside of Williamson County without court approval or the prior written consent of the other party.  Id. at *2.

Approximately one year after their divorce, the mother wished to relocate with the parties' children to Illinois, where she had accepted a new job.  Id. at *3.  The mother filed a Petition for Modification of Custody, alleging that there had been a substantial and material change in circumstance such that a change in custody was in the children's best interests.  Id. at *3.  At the hearing on the petition, the trial court granted the father's motion to dismiss.  Id. at *4.  On appeal, this Court was asked to decide whether the trial court erred by refusing to allow the children to relocate to Illinois with their mother.  Id. at *4.

We began our analysis with an overview of section 36-6-108.  Id. at *5.  The threshold issue in considering a petition for relocation is whether or not the parents are spending substantially equal intervals of time with the child or children.  See Tenn. Code Ann. § 36-6-108 (c), (d).  The trial court found significant that the parties testified that they were spending substantially equal amounts of time with their children and that the divorce decree granted the parties "pure joint legal and physical custody of the children."  See Woolman, 2001 Tenn. App. LEXIS, at *5-6.  This Court upheld the trial courts's finding that the parties were spending substantially equal intervals of time with the children.  See id. at *6.

In the case at bar, the parties' divorce decree provided that the parties would share joint custody of their child.  Per the divorce decree, Mr. Monroe had possession of the minor child approximately 43% of the time, with Ms. Robinson having possession approximately 57% of the time.  As stated by the trial court, the time spent with the child is "not exactly equal because exactly equal is almost an impossibility, but it's substantially equal."  The governing provision, section 36-6-108, requires that the time be substantially equal.  See Tenn. Code Ann. § 36-6-108.  It does not require that the time be exactly equal, nor does the provision set any concrete perimeters as to what qualifies as substantially equal.  See id.  The statute has left the determination of what constitutes substantially equal within the discretion of the trial judge.  See id.  Accordingly, based upon the language of the statute and the holdings in the above cases, we hold that the trial court was correct in using section 36-6-108©) because the evidence does not preponderate against the trial court's finding that the child was spending substantially equal intervals of time with both parents.

Where a trial court has made the threshold determination that the parties are spending substantially equal intervals of time with the child or children, section 36-6-108(c) requires the application of a best interest analysis to determine whether the proposed relocation is appropriate.

See Tenn. Code Ann. 36-6-108©); see also Woolman, 2001 Tenn. App. LEXIS, at *6.  Section 36-6-108(c) provides:

> (c) If the parents are actually spending substantially equal intervals of time with the child and the relocating parent seeks to move with the child, the other parent may, within thirty (30) days of receipt of notice, file a petition in opposition to removal of the child.  No presumption in favor of or against the request to relocate with the child shall arise.  The court shall determine whether or not to permit relocation of the child based upon the best interests of the child.  The court shall consider all relevant factors including the following where applicable:
>
> (1) The extent to which visitation rights have been allowed and exercised;
>
> (2) Whether the primary residential parent, once out of the jurisdiction, is likely to comply with any new visitation arrangement;
>
> (3) The love, affection and emotional ties existing between the parents and child;
>
> (4) The disposition of the parents to provide the child with food, clothing, medical care, education, and other necessary care and the degree to which a parent has been the primary caregiver;
>
> (5) The importance of continuity in the child's life and the length of time the child has lived in a stable, satisfactory environment;
>
> (6) The stability of the family unit of the parents;
>
> (7)  The mental and physical health of the parents;
>
> (8) The home, school and community of the parents;
>
> (9) The reasonable preference of the child if twelve (12) years of age or older.  The court may hear the preference of a younger child upon request.  The preferences of older children should normally be given greater weight than those of younger children;
>
> (10) Evidence of physical or emotional abuse to the child, to the other parent or to any other person; and
>
> (11) The character and behavior of any other person who resides in or frequents the home of a parent and such persons' interactions with the child.

Tenn. Code Ann. § 36-6-108(c).

In denying Ms. Robinson's request to relocate with the minor child to North Carolina, the trial court found that the relocation was not in the best interest of the child and that the "best interest and welfare of the minor child dictates that the child remain in Davidson County, Tennessee." Upon reviewing the record, we cannot say that the evidence preponderates against a finding that relocation to North Carolina would not be in the best interest of the minor child.

Mr. Monroe testified that he has exercised possession of the child in accordance with the MDA. Mr. Monroe also testified that he has a "good and close, consistent, and frequent" relationship with his child. It was undisputed that the child loves Mr. Monroe and his new wife. This was apparent from the testimony of Mr. Monroe, Ms. Robinson, and Ms. Robinson's mother. Mr. Monroe testified that he has remarried and that the child loves her step-mother and gets along well with her. Ms. Robinson testified that the child gets along well with Mr. Monroe, that the child loves him and his new wife, and that Mr. Monroe is very involved with the child's church and school activities. Ms. Robinson's mother also testified that the child has a good relationship with her father and that the child loves him very much. She further testified that the child loves both her mother and father very much.

There was also testimony that the child is resilient, bright, and talented and is well adjusted and happy in Davidson County and that the only anger problem the child has relates to the proposed relocation. Ms. Robinson testified that the child likes her current school and her friends in the Nashville area. There was also testimony from Ms. Robinson's mother that the school the child currently attends is an excellent school.

Ms. Robinson testified that she has no immediate family in the Nashville area and would like to relocate to be closer to her parents and family. Ms. Robinson testified to the support that the child's grandparents would provide. Ms. Robinson's mother testified that if Ms. Robinson were allowed to move the child to North Carolina, she and her husband would be available to assist with the child.

It was undisputed that Ms. Robinson had never done anything to interfere with the relationship between Mr. Monroe and the minor child. In fact, Ms. Robinson testified that she feels it is important that the minor child spend time with Mr. Monroe. Ms. Robinson also testified that her proposed parenting plan set out "generous time" between father and child during the summer months and allowed visitation on weekend holidays and spring break.

From our review of the record, we are unable to find that the evidence preponderates against the trial court's finding that relocation to North Carolina would not be in the best interest of the child. Accordingly, we affirm the trial court's decision refusing to allow the child to relocate to North Carolina with Ms. Robinson.

The final issue for our review relates to the trial court's grant of attorney's fees to Mr. Monroe. Ms. Robinson argues that section 36-6-108 does not provide for the award of attorney's fees to either party in a relocation action. She further argues that the award of attorney's fees was

punitive in nature. Mr. Monroe argues that he was entitled to attorney's fees in accordance with the terms of their MDA and in accordance with Tennessee Code Annotated section 36-5-103(c).

This Court has previously held that there is no provision in section 36-6-108 which authorizes an award of attorney's fees to either party. Schremp v. Schremp, 2000 Tenn. App. LEXIS 791, at * 12 (Tenn. Ct. App. Dec. 7, 2000). Mr. Monroe does not dispute this, but argues that he is entitled to attorney's fees under Tennessee Code Annotated section 36-5-103©). Section 36-5-103(c) provides that a person to whom custody of a child is awarded "may recover from the other spouse reasonable attorney fees incurred . . . in regard to any suit or action concerning the adjudication of the custody or the change of custody of any child." Woolman, 2001 Tenn. App. LEXIS 930, at * 16 (citing Tenn. Code Ann. § 36-5-103(c)).

We find section 36-5-103(c) inapplicable to the case at bar. Mr. Monroe argues that the provision is applicable because a component of his petition to oppose relocation was a request to award him full custody of the minor child. The relevant portion of his petition states:

21.	The Father is a fit and proper person to be named as primary custodian or to be awarded full custody of his daughter under the circumstances; the threat of the Mother to relocate represents a change of circumstances, and if the Mother follows through on her plan to herself relocate, the Father is prepared to be primary custodian of his daughter.

Mr. Monroe also argues that in the petition's prayer for relief, he asked the court to modify the previous orders of the court, if necessary, "to state that the Father is named as primary custodian and/or is awarded absolute legal custody of the minor child of the parties, and that he be designated as the party with whom the child shall primarily reside, with an appropriate visitation schedule for the Mother." We find this insufficient to trigger the language of section 36-5-103(c). This case involved the relocation of a minor child, not the adjudication of custody. As the trial court stated, if Ms. Robinson decides to move, the parties may participate in a completely different lawsuit which would be a petition for change of custody."

Mr. Monroe further contended that he is entitled to attorney fees under the MDA. This court has previously held that litigants must pay their own attorney fees "unless a contract, statute, or other recognized equitable principle permits them to seek payment from their adversaries." Allman v. Allman, 2000 Tenn. App. LEXIS 766, at *16 (Tenn. Ct. App. Nov. 22, 2000) (citing Morrow v. Bobbitt, 943 S.W.2d 384, 392 (Tenn. Ct. App. 1996)). The parties in this case included such a provision in their MDA. The relevant provision of the MDA stated: "[i]n the event that it becomes reasonably necessary for either party to institute legal proceedings to procure the enforcement of any provision of this agreement, he or she shall be entitled to a judgment for reasonable expenses, including attorney's fees, incurred in prosecuting the action." Mr. Monroe argues that upon receiving notice of Ms. Robinson's proposed relocation, it was reasonably necessary that he institute this action. The parties are bound by their agreement, and the award by the trial court is affirmed.

## Conclusion

Accordingly, we affirm the trial court's finding that the move is not in the best interest of the child. We also affirm the trial court's grant of attorney fees to Mr. Monroe under the circumstances of this case. We will not address the parties' issue relating to whether the trial court erred in determining that Ms. Robinson's purpose for relocation was not reasonable as this was rendered moot by our decision that the trial court correctly applied section 36-6-108(c). We remand to the trial court to consider attorney fees incurred on appeal. Costs on appeal taxed to the Appellant, Catherine Robinson, and her surety, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE