IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
November 19, 2008 Session

THE STATE OF TENNESSEE, ET AL. v. DELINQUENT TAXPAYERS, as
shown on the 2003 real property Delinquent tax records fo the Shelby County
Trustee, et al.

HOME FUNDS DIRECT, A California Corporation/Delinquent Taxpayers v.
WILLIAM GARRETT

Direct Appeal from the Chancery Court for Shelby County
No. 9476-3     Kenny W. Armstrong, Chancellor

No. W2008-01296-COA-R3-CV - Filed May 5, 2009

This case involves the right to redeem property purchased at a tax sale.  The trial court confirmed
the petitioner's right to redeem the property, divested title from the purchaser, and vested title in the
original owners.  The purchaser appeals.  We affirm.

Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed

ALAN E. HIGHERS, P.J.,W.S., delivered the opinion of the court, in which DAVID R. FARMER, J., and
J. STEVEN STAFFORD, J., joined.

Juliet Hill, Memphis, TN, for Appellant

John D. Horne, Memphis, TN, for Appellee

OPINION

# I. FACTS & PROCEDURAL HISTORY

In 1995, Isaac and Earnestine Bowen ("the Bowens") purchased property located in Memphis, Tennessee. On April 28, 2006, the chancery court ordered that the Bowens' property be sold to satisfy delinquent city and county real property taxes owed for the years 1997 through 2005. The sale was held on June 1, 2006, and William Garrett purchased the property for $19,238.28, the amount owing for the taxes plus the county's commission.

On July 19, 2006, the chancery court confirmed the sale, divested the Bowens of title, and vested title in Mr. Garrett, subject to the Bowens' right to redeem the property within one year. However, the Bowens remained on the property. On February 23, 2007, the Bowens borrowed $76,000 from Home Funds Direct and executed a deed of trust granting Home Funds Direct a first mortgage on the property.

Mr. Garrett subsequently received a tax deed for the property, and on June 22, 2007, he paid $776.17 in county property taxes assessed against the property for 2006. Mr. Garrett also filed a forcible entry and detainer suit in general sessions court, seeking to take possession of the property from the Bowens.

On July 18, 2007, Home Funds Direct filed a petition to redeem the property in chancery court and deposited $21,415.10 with the clerk's office. Home Funds Direct alleged that its petition to redeem was timely because it was filed within one year of the July 19, 2006 confirmation of the tax sale. In addition, Home Funds Direct claimed that the amount of money it deposited with the clerk's office exceeded the amount required to cover the $19,238.28 purchase price and the $1,918.55 in interest owed on the purchase price. Home Funds Direct sought an order of redemption divesting title from Mr. Garrett and vesting title in the Bowens, subject to Home Funds Direct's deed of trust.

On August 14, 2007, Mr. Garrett filed an objection to the petition for redemption. He claimed that the petition should be dismissed because the amount of money Home Funds Direct deposited with the clerk was not sufficient to cover the $776.17 he had paid for the 2006 county property taxes, in addition to the purchase price and interest. Mr. Garrett asserted that because these subsequently accrued taxes were not paid to the clerk prior to the filing of the petition to redeem, and within the one year redemption period, the petition to redeem should be dismissed.

Subsequently, in the general sessions matter, Mr. Garrett obtained a judgment for possession of the property. The Bowens appealed the general sessions judgment to circuit court and filed a counterclaim against Mr. Garrett for wrongful eviction. The Bowens then filed, in the chancery court case before us, a motion to consolidate the case with the circuit court proceedings. The chancery court denied the motion upon finding that it lacked jurisdiction over the matters in circuit court.

On January 29, 2008, the chancery court entered an order confirming Home Funds Direct's right to redeem the property. The court found that in order to exercise the right of redemption, Home Funds Direct was required to deposit with the clerk $19,238.28 for the purchase price, plus $1,918.55 in interest, for a total of $21,156.83. Home Funds Direct had actually deposited $21,415.10. The trial court found that Mr. Garrett had paid $776.17 for the 2006 county property taxes, but no one had paid the 2006 city property taxes or any of the taxes owed for 2007. The trial court rejected Mr. Garrett's argument that Home Funds Direct was required to pay all subsequently accrued taxes on the property in order to file the petition to redeem the property. However, the trial court found that "as a condition to Home Funds Direct's right to redeem the Property," it must reimburse Mr. Garrett $776.17 for the real estate taxes he actually paid, plus $17.15 in interest. The court ordered Home Funds Direct to deposit additional funds with the clerk within seven days, so that Mr. Garrett would receive a total of $21,950.15, representing the purchase price of the property, the property taxes he paid, and interest. Home Funds Direct deposited the additional funds with the clerk, and title was divested from Mr. Garrett and vested in the Bowens, subject to Home Funds Direct's deed of trust. Mr. Garrett filed a motion to alter or amend, or for a new trial, which was denied. Mr. Garrett then filed a notice of appeal to this court.

## II. ISSUES PRESENTED

Although not exactly stated as such, Mr. Garrett presents the following issues for review:

1. Whether the trial court erred in granting the petition to redeem when the petitioner failed to deposit with the clerk, within the redemption period, an amount sufficient to cover the taxes accruing after the tax sale;
2. Whether the trial court erred in allowing the petitioner to pay the 2006 county property taxes after the expiration of the redemption period;
3. Whether the trial court erred in denying the Bowens' motion to consolidate this case with the circuit court proceeding.

For the following reasons, we affirm the decision of the chancery court.[1]

## III. STANDARD OF REVIEW

The issues before us raise questions of law. Hence, our de novo review of the trial court's conclusions is not accompanied by a presumption of correctness. ***Union Carbide Corp. v.***

---

[1] Mr. Garrett also lists various issues in his brief regarding whether his notice of appeal was valid and timely filed. Home Funds Direct does not raise any issue regarding the validity of Mr. Garrett's appeal, and we find that it was timely filed. This Court ordered Mr. Garrett to obtain the entry of a final judgment in the trial court, because the original order appealed from was not final pursuant to Tennessee Rule of Civil Procedure 58. A final order was entered on April 6,, 2009. Tennessee Rule of Appellate Procedure 4(d) provides that a prematurely filed notice of appeal shall be treated as filed after the entry of the judgment from which the appeal is taken and on the day thereof. Thus, Mr. Garrett's notice of appeal was timely.

*Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993) (citing *Estate of Adkins v. White Consol. Indus., Inc.*, 788 S.W.2d 815, 817 (Tenn. Ct. App. 1989)).

## IV. DISCUSSION

### A. Redemption Issues

"The amount that a property owner must pay to redeem real property that has been sold at a delinquent tax sale is governed by statute." **State ex rel. Bradley County v. #'s Inc.**, No. E2007-02494-COA-R3-CV, 2008 WL 2421099, at *1 (Tenn. Ct. App. June 13, 2008). Tennessee Code Annotated Title 67, Chapter 5, deals solely with property taxes, and Part 27 of that chapter covers redemptions. Therefore, the statutes governing the redemption in this case are located at sections 67-5-2701 through 67-5-2706.

In order to redeem property under these statutes, three requirements must be satisfied. **State v. Burns**, No. 01A01-9604-CH-00178, 1996 WL 668347, at *6 (Tenn. Ct. App. Nov. 20, 1996) *perm. app. denied* (Tenn. Apr. 7, 1997). First, Tennessee Code Annotated section 67-5-2701 outlines who may redeem the property. The statute provides that a "'person entitled to redeem property' includes any person who owns a legal or equitable interest in the property sold at the tax sale and creditors of the taxpayer having a lien on the property[.]"[2] **Tenn. Code Ann. § 67-5-2701(a) (2006).** Second, the person redeeming the property must pay "moneys to the clerk as required by § 67-5-2703 *within one (1) year* from the date the property was sold, as evidenced by the order of confirmation" entered by the trial court. **Tenn. Code Ann. § 67-5-2702(a) (2006)** (emphasis added). Third, the amount paid to the clerk must equal the sum of the following values: (1) "the amount paid for the delinquent taxes, interest and penalties," (2) "court costs and any court ordered charges," and (3) "interest at the rate of ten percent (10%) per annum computed from the date of the sale on the entire purchase price paid at the tax sale." **Tenn. Code Ann. § 67-5-2703 (2006)**; *see also* **Burns**, 1996 WL 668347, at *6.

"In the event the purchaser expended additional funds during the redemption period, Tenn. Code Ann. § 67-5-2704 provides a procedure for recouping these funds[.]" **State ex rel. Bradley County**, 2008 WL 2421099, at *2. The statute provides, in relevant part:

> (a) Within ten (10) days of receipt of the money required for redemption as set forth in § 67-5-2703 . . . the clerk shall send a notice to the purchaser of the property at the tax sale. This notice shall state that money to redeem the property has been tendered, the date of the tender, and that the purchaser shall have thirty (30) days from the date of the tender to file a motion requesting additional amounts to be paid to compensate the purchaser for any other lawful charges or moneys expended to preserve the value of the property or to otherwise protest the redemption. If the court finds that the

---

[2] Mr. Garrett does not raise any issue regarding whether Home Funds Direct was a person entitled to redeem the property, so we will not address the issue.

purchaser has paid additional moneys for lawful charges in order to preserve the value of the property, the court shall order the person requesting to redeem the property to pay such additional sums to the clerk of court. After any additional sums have been paid to the clerk, the court shall order that the redemption has been properly made, and the clerk shall disburse the purchase price with interest at a rate of ten percent (10%) per annum computed from the date of the tax sale to the purchaser. If the court finds that no additional sums are owing in order to redeem, or upon expiration of the thirty-day period for the purchaser to file a motion to protest the redemption or to request additional moneys, the court shall order that redemption has been properly made, and the clerk shall disburse the purchase price, plus interest at a rate of ten percent (10%) per annum computed from the date of the sale, and any other moneys so ordered by the court to the purchaser.

(b) In lieu of the motion procedure outlined in subsection (a), the court may by rule or court order establish an alternative procedure.

**Tenn. Code Ann. § 67-5-2704 (2006).** Amounts expended by the purchaser during the redemption period to pay delinquent property taxes "are lawful charges to preserve the value of the property pursuant to Tenn. Code Ann. § 67-5-2704," which may be recovered pursuant to the statute. ***State ex rel. Bradley County***, 2008 WL 2421099, at *1.

In this case, Mr. Garrett timely filed an objection to the petition for redemption, seeking reimbursement for his payment of the 2006 county property taxes. According to the statute, if the trial court found that Mr. Garrett had paid additional moneys for lawful charges in order to preserve the value of the property, it should have ordered Home Funds Direct to pay such additional sums to the clerk of court, then, after the funds were paid to the clerk, the court should have ordered that the redemption was proper and required the funds to be disbursed to Mr. Garrett. **Tenn. Code Ann. § 67-5-2704(a) (2006)**. Instead, the court first ordered that redemption was proper, and then required Home Funds Direct to pay the additional sum within seven days "as a condition to Home Funds Direct's right to redeem the Property." Because subsection (b) of the statute authorizes the trial court to establish an alternative procedure in lieu of the statutory procedures, **Tenn. Code Ann. § 67-5-2704(b) (2006)**, we find no error in the trial court's decision.

Mr. Garrett argues that the trial court should have also required Home Funds Direct to deposit funds to pay *all* the property taxes that had accrued since the tax sale, including the 2006 and 2007 city property taxes, and the 2007 county property taxes, which no one had paid. He relies upon Tennessee Code Annotated section 67-5-2504, which provides, in part:

(b) A tax deed of conveyance shall be an assurance of perfect title to the purchaser of such land, and no such conveyance shall be invalidated in any court, except by proof that the land was not liable to sale for taxes, or that the taxes for which the land was sold have been paid before the sale . . . .

(c) No suit shall be commenced in any court of the state *to invalidate any tax title* to land until the party suing shall have paid or tendered to the clerk of the court where the suit is brought the amount of the bid and *all taxes subsequently accrued*, with interest and charges as provided in this part.

> (d) No suit shall be commenced in any court of the state to invalidate any tax title to land after three (3) years from the time the land was sold for taxes, except in case of persons under disability, who shall have one (1) year in which to bring suit after such disability is removed. This subsection (d) shall not be construed to prevent or delay issuance of an order quieting title to land at the suit of a delinquent tax sale purchaser. After expiration of the period of redemption provided in § 67-5-2702, the delinquent tax sale purchaser may file suit to quiet title, notwithstanding the deadline for tax sale challenges provided in this subsection (d).

(emphasis added). Mr. Garrett argues that the provisions of section 67-5-2504 apply to redemption cases because such suits "affect" the purchaser's tax title. Thus, he claims that the requirements of section 67-5-2504 apply in addition to those requirements in section 67-5-2701, *et seq.* We disagree. Section 67-5-2504, by its terms, applies to suits to "invalidate" a tax title, not to every suit that simply affects a tax title. For example, this Court has held that section 67-5-2504 does not preclude suits to declare a tax title void due to procedural irregularities in connection with the tax sale, because the statute "presupposes a valid vestiture of title in the purchaser." ***Morrow v. Bobbitt***, 943 S.W.2d 384, 388 (Tenn. Ct. App. 1996). In addition, section 67-5-2504's three-year period "to invalidate [a] tax title to land" is not implicated in suits to void a tax title because of jurisdictional defects. ***Inman v. Raymer***, No. E2003-01964-COA-R3-CV, 2004 WL 948386, at *2-3 (Tenn. Ct. App. May 4, 2004). More importantly, in ***State v. Allen***, 181 S.W.2d 375, 378-79 (Tenn. Ct. App. 1943) *cert. denied* (Jan. 8, 1944), the Court held that the predecessor to section 67-5-2504 was not applicable to a suit to redeem property because the petitioner was not seeking to "invalidate" the tax sale.

In short, Tennessee Code Annotated sections 67-5-2701 through 67-5-2706 specifically address petitions for redemption filed subsequent to property tax sales, and section 67-5-2703 lists the amounts required to be paid by a person seeking to redeem property. These redemption statutes do not require the petitioner to pay all taxes accrued since the tax sale in order to redeem the property, as required by section 67-5-2504 in suits to "invalidate" a tax title. Therefore, we conclude that the trial court correctly applied sections 67-5-2701, *et seq.*

Mr. Garrett cites ***Burnett v. Williams***, No. 01A01-9605-CH-00222, 1997 WL 13758 (Tenn. Ct. App. M.S. Jan. 16, 1997) *no app. perm. app. filed*, in support of his argument that section 67-5-2504 applies to this case. In ***Burnett***, a party sought to redeem property that had been sold at a delinquent tax sale. *Id.* at *1. The Court of Appeals analyzed the case using Title 66, Chapter 8, of the Tennessee Code, which governed the redemption of "real estate sold for debt . . . under any decree, judgment, or order of a court of chancery, whether founded upon a foreclosure of a mortgage, or deed of trust, or otherwise[.]" *Id.* at *2; *see* **Tenn. Code Ann. § 66-8-101(2) (1993)**. Under those statutes, a debtor may redeem property sold for debt within two years after the sale if he pays "the

amount bid or paid by the purchaser, with interest thereon . . . together with all other lawful charges." *Id.* (citing Tenn. Code Ann. § 66-8-106). In *Burnett*, the party paid the purchase price and interest, but he failed to meet the requirement of section 66-8-106 to pay "all other lawful charges" because he did not pay court costs or the clerk's commission. *Id.* at *2. Therefore, the court concluded that the party had "failed to pay the proper amount to redeem the property." *Id.* As additional, alternative bases for holding that the redemption was improper, the Court found that section 67-5-2504 would have required the party to file his petition to redeem within three years of the sale, which he failed to do, and tender all the taxes subsequently accrued on the property, which he also failed to do. *Id.* at *3.

In order to understand the *Burnett* Court's actions, we must review the history of the statutes at issue. Sections 67-5-2701, *et seq.*, were added to the Tennessee Code by the Public Acts of 1991. *See* **1991 Tenn. Pub. Acts Ch. 470**. That Act "amend[ed] Tennessee Code Annotated, Title 66, Chapter 8, and Title 67, Chapter 5, relative to property taxes." *Id.* It amended Tennessee Code Annotated section 66-8-101 by deleting a provision stating that section 66-8-101 applied to real estate sold for debt "(4) Where it is sold for taxes." *Id.* Now, section 66-8-101 only provides that it applies to real estate sold for debt "(1) Where it is sold under execution; (2) Where it is sold under any decree, judgment, or order of a court of chancery, whether founded upon a foreclosure of a mortgage, or deed of trust, or otherwise, . . . and (3) Where it is sold under a deed of trust or mortgage without a judicial sentence, unless the right of redemption is expressly waived by the deed or mortgage; . . . ." **Tenn. Code Ann. § 66-8-101 (2004).** The 1991 Act also added sections 67-5-2701, *et seq.*, to the Code and provided that "[t]he provisions of this act shall apply to all sales of real property for delinquent taxes held on or after the effective date of this act," which was June 4, 1991. **1991 Tenn. Pub. Acts Ch. 470**. In *Burnett*, 1997 WL 13758, at *1, the tax sale was held on October 25, 1990; thus, Tennessee Code Annotated sections 67-5-2701, *et seq.*, did not apply.

The tax sale in this case was held in 2006. Therefore, we find the issues before us to be governed by sections 67-5-2701 through 67-5-2706, and affirm the trial court's decisions on the issues of redemption.

### B. The Motion to Consolidate

Next, Mr. Garrett contends that the chancery court erred in denying the Bowens' motion to consolidate this case with the general sessions appeal pending in circuit court. The chancery court concluded that it lacked jurisdiction over those matters and denied the motion. We find nothing in the record to indicate that Mr. Garrett sought consolidation in the chancery court. He did not file the motion to consolidate. The Bowens did, but they are not parties to this appeal. We are not required to grant relief to "a party responsible for an error or who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error." Tenn. R. App. P. 36(a). Therefore, we will not consider whether the trial court erred in denying the Bowens' motion to consolidate.

### V. CONCLUSION

For the aforementioned reasons, we affirm the decision of the chancery court. Costs of this appeal are taxed to the appellant, William Garrett, and his surety, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, P.J., W.S.