IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
August 19, 2021 Session

## DORIAN JONES v. AUTONATION INC., ET AL.

**Appeal from the Chancery Court for Washington County**
**No. 18-CV-0582     John C. Rambo, Chancellor**

_____

### No. E2020-01231-COA-R3-CV
_____

This case stems from the sale of a 2000 Mercury Sable ("the vehicle") purchased by Amy Jennings from John M. Lance Ford, LLC, an affiliate of AutoNation, Inc. ("AutoNation" or "Defendant"), in 2017. Ms. Jennings signed all of the paperwork associated with the sale, including an arbitration agreement. In September of 2018, Ms. Jennings and her husband, Dorian Jones, filed suit against AutoNation in the Chancery Court for Washington County (the "trial court") alleging multiple causes of action arising from the sale of the vehicle. Generally, Ms. Jennings and Mr. Jones alleged that AutoNation breached several warranties and fraudulently induced Ms. Jennings into the sale. Eventually, AutoNation filed a motion to compel arbitration which the trial court granted on August 10, 2020. Mr. Jones filed an appeal to this Court. Because an appeal from an order granting a motion to compel arbitration and staying litigation is nonfinal, this Court lacks subject matter jurisdiction and the appeal is dismissed.

## Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

KRISTI M. DAVIS, J., delivered the opinion of the Court, in which D. MICHAEL SWINEY, C.J., and JOHN W. MCCLARTY, J., joined.

Dorian Jones, Pro Se.

James Stephen King, Memphis, Tennessee, for the appellee, AutoNation Inc., and John M. Lance Ford, LLC.

## OPINION

Ms. Jennings purchased the vehicle at issue from an AutoNation retail location in Westlake, Ohio, in 2017. Although Ms. Jennings was a resident of Johnson City, Tennessee at the time, she and Mr. Jones found the vehicle on the AutoNation website and Mr. Jones traveled to Ohio to retrieve it. Ms. Jennings alone executed a retail purchase

agreement (the "Agreement") at the Johnson City AutoNation location on October 13, 2017, and contemporaneously signed an arbitration agreement (the "Arbitration Agreement") as part of the transaction. The arbitration agreement provides, *inter alia*, that

> neutral and binding arbitration on an individual basis only will be the sole method of resolving any claim[,] dispute or controversy (collectively, "Claims") that either Party has arising from Purchaser/Dealership Dealings, with the sole exception that either Party may file Claims in a small claims court as an alternative to proceeding with arbitration. Claims include but are not limited to the following: (1) Claims in contract, tort, regulatory, statutory, equitable, or otherwise; (2) Claims relating [to] any representations, promises, undertakings, warranties, covenants or service; (3) Claims regarding the interpretation, scope, validity of this Agreement, or arbitrability of any issue[.]

According to the complaint filed in the trial court on September 28, 2018, Mr. Jones and Ms. Jennings experienced difficulty with the car immediately, causing them to spend several thousand dollars on repairs. The complaint was titled "Lawsuit to Recoup Monies Spent for the Repair of a Motor Vehicle Known or Should Have Been Known to be Defective" and purported to allege causes of action for breach of contract, negligence, negligent misrepresentation, intentional misrepresentation, fraud, fraudulent concealment, breach of the implied warranty of merchantability, and breach of express warranty. Although difficult to discern, the complaint also purported to allege violations of the Tennessee Consumer Protection Act as well as the Magnuson-Moss Warranty Act.

Ms. Jennings and Mr. Jones proceeded to file voluminous and duplicative pleadings and discovery requests in the trial court, and AutoNation eventually filed a motion to compel arbitration and stay the litigation on January 31, 2019. After a hearing on August 10, 2020, the trial court entered an order providing:

> 1. The Motion to Compel Arbitration and Stay Litigation is hereby granted and all the issues in dispute between the parties shall be heard in arbitration.
>
> 2. That this matter shall be stayed in its entirety as to all parties until the completion of the arbitration.

From this order, Mr. Jones appeals.[1] At the outset, we acknowledge that Mr. Jones is

---

[1] Ms. Jennings' posture in the present appeal is unclear. While she is named as a plaintiff in the operative complaint and is referred to as a plaintiff throughout the record, Ms. Jennings is not named as a party in the opening brief before this Court. Further, while Ms. Jennings and Mr. Jones at one point asked the trial court to "substitute in toto" Mr. Jones as plaintiff in place of Ms. Jennings, this was never addressed

2

proceeding pro se and, while we are mindful of his status, "pro se litigants must comply with the same standards to which lawyers must adhere." *Watson v. City of Jackson*, 448 S.W.3d 919, 926 (Tenn. Ct. App. 2014). As we have previously explained:

> Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.

*Id.* at 926–27 (quoting *Jackson v. Lanphere*, No. M2010-01401-COA-R3-CV, 2011 WL 3566978, at *3 (Tenn. Ct. App. Aug. 12, 2011)).

Although Mr. Jones raises a host of issues going to the substance of the Agreement and the Arbitration Agreement, there is a threshold problem we must address. Specifically, Mr. Jones has appealed an order granting a motion to compel arbitration and stay litigation, and this Court has repeatedly held that there is no right of appeal from such orders because they are nonfinal.[2] Consequently, this appeal must be dismissed.

Aside from rule and statute-based exceptions, this Court has subject matter jurisdiction only over final judgments. *Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) (quoting *Aetna Cas. & Sur. Co. v. Miller*, 491 S.W.2d 85 (Tenn. 1973)); *see also* Tenn. R. App. P. 3(a). A final judgment adjudicates all "claims, rights, and liabilities of all the parties" and "resolves all the issues [leaving] 'nothing else for the trial court to do.'" *Discover Bank v. Morgan*, 363 S.W.3d 479, 488 n.17 (Tenn. 2012) (citing Tenn. R. App. P. 3(a); quoting *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003)).

With specific regard to orders granting a motion to compel arbitration and stay litigation, we very recently addressed the issue of finality. *See Regions Bank v. Crants*, No. M2020-01703-COA-R3-CV, 2021 WL 3910696 (Tenn. Ct. App. Sept. 1, 2021). In that case, Regions Bank attempted to collect on a promissory note executed by the defendant. *Id.* at *1. The defendant later filed a motion asking the trial court to stay the

---

by the trial court, and no order dismissing Ms. Jennings was ever entered. In that vein, although it was raised by AutoNation below, the trial court never addressed Mr. Jones' standing to participate in this lawsuit. Nonetheless, we need not address these issues because this appeal is dismissed for want of subject matter jurisdiction.

[2] While neither party has addressed this issue, it is incumbent upon this Court to determine whether subject matter jurisdiction exists and we therefore raise the issue *sua sponte*. *See Morrow v. Bobbitt*, 943 S.W.2d 384, 391–92 (Tenn. Ct. App. 1996); *see also* Tenn. R. App. P. 13(b).

3

litigation and remit the matter for arbitration, per the terms of the note. *Id.* The trial court granted the motion but also ordered the defendant to bear the cost of the arbitration. *Id.* at *2. The defendant appealed to this Court; however, we dismissed the appeal upon concluding that "[t]here is no appeal as of right from an order compelling arbitration." *Id.* at *4. Insofar as *Crants* squarely addresses the issue now before us, we quote liberally from that opinion:

> Under Rule 3(a), appeal as of right is only available from a final judgment. A final judgment is one that resolves all of the issues in the case, "leaving nothing else for the trial court to do." *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997). Tennessee Rule of Appellate Procedure 13(b) requires this Court to "consider whether the trial and appellate court have jurisdiction over the subject matter, whether or not presented for review...."

> Here, the only issues adjudicated by the trial court in its [orders] were questions of arbitrability and the party responsible for paying the cost of arbitration. The trial court did not address, much less adjudicate, the substantive issues raised in Regions' complaint and Mr. Crants' counter-complaint. The case was not dismissed or otherwise concluded. In fact, in its November 24, 2020 order, the trial court expressly stated that, "[T]his lawsuit is stayed pending arbitration...." Therefore, there is no final order appealable under Tennessee Rule of Appellate Procedure 3(a).

> Pursuant to the plain terms of the Note, the substantive case is governed by the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.* As such, we turn to address the question of whether the FAA grants Mr. Crants any right of appeal from the order requiring arbitration or from the order requiring him to pay the cost of arbitration. From his brief, Mr. Crants asserts that the appeal provision of the FAA, 9 U.S.C. § 16, 1 governs the procedural law of this appeal. We disagree. In *Morgan Keegan & Co. v. Smythe*, 401 S.W.3d 595 (Tenn. 2012), the Tennessee Supreme Court held that although the substantive provisions of the FAA may preempt the Tennessee Uniform Arbitration Act ("TUAA"), T.C.A. 29-5-301, *et seq.*, it does not preempt the procedural provisions of the TUAA for appeals of arbitration orders entered by Tennessee state courts (Tenn. Code Ann. § 29-5-319). Rather, the Court held that, "[I]f Tennessee's appellate courts have subject matter jurisdiction to hear appeals from orders such as the trial court's ... order, the grant of jurisdiction must be found in the Tennessee Uniform Arbitration Act, not the Federal Arbitration Act." 401 S.W.3d at 607. Accordingly, the question of whether this Court has subject-matter jurisdiction over this

appeal must be determined under the TUAA and specifically Tennessee Code Annotated section 29-5-319, which provides that:

(a) An appeal may be taken from:

(1) An order denying an application to compel arbitration made under § 29-5-303;

(2) An order granting an application to stay arbitration made under § 29-5-303(b);

(3) An order confirming or denying confirmation of an award;

(4) An order modifying or correcting an award;

(5) An order vacating an award without directing a re-hearing; and

(6) A judgment or decree entered pursuant to this part.

(b) The appeal shall be taken in the manner and to the same extent as from orders or judgments in a civil action.

Here, the order appealed granted the motion to stay proceedings and to compel arbitration. Despite Mr. Crants' arguments, the fact that the trial court also ordered him to initiate arbitration and to pay the cost of arbitration does not change the trial court's substantive ruling compelling arbitration and staying the matter pending resolution of the arbitration. . . . In determining whether an appeal lies under TUAA § 29-5-319, we look to the substance of the trial court's orders, which was to grant the motion for stay and arbitration. The imposition of costs of arbitration to Mr. Crants is merely ancillary to the trial court's grant of the motion to compel arbitration. "There is no appeal as of right from an order compelling arbitration." *Peters v. Commonwealth Assocs.*, No. 03A01-9508-CV-00295, 1996 WL 93768, at *2 (Tenn. Ct. App. Mar. 5, 1996) (discussing the reach of Tenn. Code Ann. § 29-5-319) (citing *Anderson County v. Architectural Techniques Corp.*, No. 03A01-9205CH-00184, 1993 WL 5921 (Tenn. Ct. App. January 14, 1993)); *accord Thompson v. Terminix Intern Co., LP*, No. M2005-02708-COA-R3-CV, 2006 WL 2380598, at *3 (Tenn. Ct. App. Aug. 16, 2006) (noting that although "an order denying a motion to compel arbitration is immediately appealable pursuant to statute[,] Tenn. Code Ann. § 29-5-319(a)(1)[,] an order granting a motion to compel arbitration and staying the action is not directly appealable....Tenn. Code Ann. § 29-5-

319 (2000)"); *Blue Water Bay at Center Hill, LLC v. Hasty*, No. M2016-02382-COA-R3-CV, 2017 WL 5665410, fn. 4 (Tenn. Ct. App. Nov. 27, 2017) ("There is no appeal as of right from an order compelling arbitration.") (citing *Peters*, 1996 WL 93768). Likewise, in *Melo Enterprises, LLC v. D1 Sports Holdings, LLC*, No. M2017-02294-COA-R3-CV, 2019 WL 338941 (Tenn. Ct. App. Jan. 25, 2019), this Court cited both *Peters* and *Blue Water Bay* for the proposition that Tennessee Code Annotated section 29-5-319 does not afford a right to appeal a trial court's order compelling arbitration. In a concurring opinion, Judge McBrayer stated that, "The list of orders that may be appealed under the TUAA can reasonably be thought to be an expression of all 'the orders that may be appealed.'" 2019 WL 338941, at *5 (McBrayer, J. concurring) (citations omitted). Under Tennessee Code Annotated section 29-5-319 and the Tennessee cases interpreting the statute, it is clear that the trial court's November 24, 2020 order granting the motion to stay proceedings and compelling arbitration is not an order that is recognized under the statute as appealable on an interlocutory basis as an exception to the requirement that an order must be final to be appealable to this Court. Tenn. R. App. P. 3(a).

*Id.* at *3–4.

Likewise, in the present case, the contract at issue provides that any arbitration is controlled by "the Federal Arbitration Act (9 U.S.C. & 1, et seq. hereinafter the 'FAA') and not by any state law concerning arbitration." As explained in *Crants*, however, our Supreme Court has concluded that such language does not abrogate the procedural mandates of Tenn. R. App. P. 3. *Id.* at *3. (citing *Morgan Keegan*, 401 S.W.3d at 607); *see also SJR Ltd. P'ship v. Christie's Inc.*, No. W2013-01606-COA-R3-CV, 2014 WL 869743, at *3 (Tenn. Ct. App. Mar. 5, 2014) ("Section 29-5-319 determines the appealability of interlocutory orders involving arbitration agreements, including agreements within the [FAA]."). The finality requirement of Tenn. R. App. P. 3 therefore controls here. To that end, the order appealed from is also analogous to the one in *Crants* inasmuch as the trial court's August 10, 2020 order unequivocally provides that the case is stayed and that the parties must proceed to arbitration. As such, "[t]he case was not dismissed or otherwise concluded[,]" *id.* at *3, and the order appealed from is nonfinal. Consequently, unless "appeal from [the] interlocutory order is provided by the rules or by statute," this Court lacks subject matter jurisdiction. *Jones*, 783 S.W.2d at 559.

Moreover, as explained above, Tennessee's arbitration statute does not provide for the direct appeal of an order granting a motion to compel arbitration, *T.R. Mills Contractors, Inc. v. WRH Enterprises, LLC*, 93 S.W.3d 861, 865 (Tenn. Ct. App. 2002), and Mr. Jones has not otherwise sought interlocutory review. Accordingly, this Court lacks subject matter jurisdiction over the present appeal and it must be dismissed.

6

## CONCLUSION

For the foregoing reasons, the appeal is dismissed. Costs of this appeal are taxed to the appellant, Dorian Jones, for which execution may issue if necessary.

_____
KRISTI M. DAVIS, JUDGE